Olga M. AJIN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 02–71346.

INS No. A73–960–566.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Decided May 16, 2003.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM**

Petitioner, Olga Marina Ajin, a Guatemalan native and citizen, petitions for review of an order of the Board of Immigration Appeals denying her application for asylum and withholding of deportation. Because the BIA issued its decision after October 31, 1996, and Ajin's deportation proceedings began prior to April 1, 1997, this court has jurisdiction under § 106(a) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1105a(a)(1), as it was codified prior to the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) (IIRIRA). *See* IIRIRA § 309(c)(4); *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review.

Because the parties are familiar with the facts, we will not recount them in detail except as necessary.

Ajin argues that the Immigration Judge and the BIA erred in concluding that she had failed to establish either past persecution or a well-founded fear of future persecution on account of an imputed political opinion and/or membership in a particular social group. We must deny the petition, if in the record as a whole, there was "reasonable, substantial, and probative evidence" to support the Board's decision. *INS v. Elias–Zacarias*, 502 U.S. 478, 479, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Substantial evidence is lacking only if the petitioner establishes that the evidence was so compelling that no reasonable fact-finder could fail to find the petitioner statutorily eligible for asylum. *Id.* at 483–84.

In this case, Ajin did not establish past persecution. Consequently, the burden remained on her to prove a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1) (2001). She conjectures that she is in jeopardy because she is perceived by others to be her murdered uncle's confidant. But Ajin lived in Guatemala for over five years after her uncle was killed. The uncle's widow remains in Guatemala. The evidence does not compel a conclusion that Ajin has a well-founded fear of future persecution on account of a protected ground, particularly in light of the improved conditions in Guatemala.

PETITION DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

